UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Adrian Forrest,

    Plaintiff,

v.

Honor Finance, LLC

    Defendant.

Case No. 2:18-cv-526

Judge Michael H. Watson
Magistrate Judge Deavers

## OPINION AND ORDER

On June 26, 2018, Adrian Forrest ("Plaintiff") obtained an entry of default against Honor Finance, LLC ("Defendant"). ECF No. 5. Pursuant to Federal Rule of Civil Procedure 55, Plaintiff now moves for default judgment, ECF No. 6, and Defendant moves to set aside the entry of default, ECF No. 9. For the following reasons, the Court **GRANTS** Defendant's motion to set aside default, ECF No. 9, and **DENIES** as moot Plaintiff's motion for default judgement, ECF No. 6.[1] The Clerk is **DIRECTED to VACATE** the entry of default, ECF No. 5, and Defendant is **DIRECTED** to file its answer or otherwise respond to Plaintiff's complaint **WITHIN TEN DAYS**. Defendant is also instructed to comply with its obligations under Del. Code Ann. tit. 6, § 18-804(b)(2) to set aside sufficient funds in the event of a judgment in this case.

---

[1] Plaintiff requests oral argument on the pending motions. ECF No. 11. However, the written briefs were sufficient; therefore, Plaintiff's request is **DENIED**.

## I. BACKGROUND

Defendant is a Delaware limited liability company registered to do business in Ohio. Compl. ¶ 7, ECF No. 1. More specifically, Defendant is a finance company that originates, funds, and services below-prime automobile contracts. *Id.* at ¶ 6.

In September 2016, Plaintiff and Defendant entered into a written contract wherein Defendant financed the purchase of Plaintiff's vehicle. *Id.* at ¶¶ 10, 13. The contract permitted Defendant to contact Plaintiff regarding the servicing and collecting of payments by such methods as "automatic telephone dialing systems" and at any "address or telephone number" provided to Defendant. Ex. A to Decl. Jasmani Francis 5, ECF No. 13-1.

On May 30, 2018, Plaintiff filed this action, asserting that Defendant made repeated calls to Plaintiff's cellular phone demanding payments in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code Ann. § 1345.01 *et seq.*, and Ohio common law. ECF No. 1.

The complaint and summons were served on Defendant's statutory agent in Ohio on June 4, 2018. ECF No. 3. Although Defendant's answer was due on June 25, 2018, no answer was filed. Plaintiff therefore moved for an entry of default against Defendant, ECF No. 4, and the Clerk entered default on June 26, 2018. ECF No. 5.

Defendant contends the case did not come to the attention of Defendant's General Counsel until July 9, 2018, because he was away from the office in June dealing with personal issues, namely two deaths occurring within weeks of each other. Def. Mot. 2, ECF No. 9; Decl. Jasmani Francis ¶¶ 3, 4, ECF No. 13-1. Defendant explains this absence created a backlog in handling mail. Decl. Jasmani Francis ¶ 5, ECF No. 13-1.

Defendant's General Counsel represents that when he learned about the lawsuit, he contacted Plaintiff's counsel and within two days Defendant retained counsel and filed a notice of intent to oppose Plaintiff's motion for default judgment. *Id.* at ¶ 3; ECF No. 7. One week later, on July 18, 2018, Defendant filed both a motion to set aside the default entry, ECF No. 9, and a response in opposition to Plaintiff's motion for default judgment, ECF No. 10. The Defendant, however, did not file the declarations cited in support of its motion to set aside default until July 24, 2018. ECF No. 13.

Defendant is in the process of dissolution and winding down its business operations. Decl. Jasmani Francis ¶ 4, ECF No. 13-1. Plaintiff expresses concern over whether Defendant would set aside sufficient funds in the event of a judgment. Pl. Resp. 6-7, ECF No. 11.

Defendant's motion to set aside default, ECF No. 9, and Plaintiff's motion for default judgment, ECF No. 6, are now ripe for resolution.

## II. STANDARD

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. "In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party[.]" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co.*, 705 F.2d at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *Invst Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)) (noting that in conducting reviews of denials of motions to set aside entries of default, the Sixth Circuit construes "'all ambiguous or disputed facts in

the light most favorable to the defendant[ ],' resolving any doubts in [its] favor" given its "general preference for judgments on the merits").

## III. DISCUSSION

After considering the above factors, the Court concludes for the following reasons that there is good cause to set aside the Clerk's entry of default.

### A. Willful Conduct

The Court first considers whether the default was willful. *Dassault Systemes*, 663 F.3d at 839. "'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Id.* at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Negligent conduct, however, does not establish that Defendant engaged in the necessary willful conduct. *See, e.g., Shepard Claims Serv., Inc.*, 796 F.2d at 194–95; *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 536 (6th Cir. May 19, 2009) (citations omitted).

Plaintiff contends that Defendant's culpable conduct led to the entry of default, speculating that Defendant's failure to timely file a responsive pleading was due to Defendant's indifference to the proceedings. Pl. Resp. 13; ECF No. 11. Plaintiff also argues that Defendant's failure to check its incoming mail constitutes reckless disregard. *Id.* at 12.

Defendant represents that the failure to timely file a responsive pleading or otherwise respond to the complaint was the result of inadvertent neglect arising

from Defendant's General Counsel being away from the office. Def Mot. 2, ECF No. 9; Decl. Jasmani Francis ¶¶ 3, 5, ECF No. 13-1. Defendant concedes that its statutory agent was served on June 4, 2018, making its answer due June 25, 2018. Def Mot. 2, ECF No. 9. When Defendant's General Counsel first became aware of the action she contacted Plaintiff's counsel and within two days Defendant retained counsel and filed a notice of intent to oppose Plaintiff's motion for default judgment. *Id.* at ¶ 3; ECF No. 7.

The record does not support a finding that the Defendant displayed either an intent to thwart judicial proceedings or a reckless disregard for the effect of their conduct on those proceedings. *See Dassault Systemes*, 663 F.3d at 841. Nothing in this record persuades the Court that Defendant's failure in this regard amounted to anything more than potentially negligent conduct. Such conduct does not establish that Defendant engaged in the necessary willful conduct to support default judgment. *See, e.g., Shepard Claims Serv., Inc.*, 796 F.2d at 194–95; *Krowtoh II LLC*, 330 F. App'x at 536. Accordingly, this factor weighs in favor of vacating the entry of default.

### B. Prejudice

Next, the Court considers whether Plaintiff will be prejudiced if the entry of default is set aside. To establish prejudice, a plaintiff must show that "delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Invst Fin. Grp., Inc., Inc.*, 815 F.2d at 398 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). "Mere delay in

satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter Co.*, 705 F.2d at 845.

Plaintiff argues that setting aside the default entry will result in the loss of evidence because Defendant is in the process of dissolution and winding down its business operations. Pl. Resp. 7, ECF No. 11; Decl. Jasmani Francis ¶ 4, ECF No. 13-1. The only support Plaintiff provides for this argument is that Defendant's failure to produce the underlying contract between the parties suggests that Defendant's closure is affecting its ability to preserve evidence. *Id.* However, Defendant has since produced a copy of the underlying contract. ECF No. 13-1. Additionally, Plaintiff argues that Defendant's impending dissolution will result in difficulties in discovery. Pl. Resp. 7–8, ECF No. 11. Plaintiff also argues that delay will provide a greater opportunity for fraud or collusion, speculating that employees may destroy evidence or that Defendant may collude with other creditors to ensure they are paid rather than Plaintiff. *Id.* at 9. However, Plaintiff does not provide any evidence that substantiates a risk of fraud or collusion.

Plaintiff also argues that it will be prejudiced if the Court sets aside the entry of default because it will threaten Plaintiff's ability to recover in this case. Pl. Resp. 5, ECF No. 11. However, Plaintiff has made a written demand pursuant to Delaware law for Defendant to set aside funds in the event of a judgment. *See* Del. Code Ann. tit. 6, § 18-804(b)(2); Pl. Resp. Ex. B-5, ECF No.

11-8. Defendant acknowledges receipt of this written demand. Def. Mot. 6, ECF No. 9. Del. Code Ann. tit. 6, § 18-804(b)(2) requires a dissolved limited liability company to "make such provision as will be reasonably likely to be sufficient to provide compensation for any claim against the limited liability company which is the subject of a pending action, suit or proceeding to which the limited liability company is a party." This requirement reduces the concern that Plaintiff will be unable to recover in the event of judgement.

Moreover, in *Wilson v. Blanton* the plaintiff also argued that it would be prejudiced if default was set aside because defendant was "in the process of dissolution." No. 2:16-cv-390, 2016 U.S. Dist. LEXIS 133421, at *4 (S.D. Ohio Sept. 28, 2016). However, the court found that it was an insufficient ground to deny the motion to set aside default. *Id.* Although there may be some ambiguity or conflict in the record as to prejudice due to Defendant's impending dissolution, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co.*, 705 F.2d at 846.

To the extent that Plaintiff complains about increased litigation costs, complaints of additional expense do not generally establish prejudice. *See, e.g., Dassault Systemes*, 663 F.3d at 842; *$22,050.00 U.S. Currency*, 595 F.3d at 325 ("[I]t does not make intuitive sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to

litigate the case."). Accordingly, this factor weighs in favor of setting aside the entry of default.

### C. Meritorious Defense

The Court also considers whether Defendant has a meritorious defense to Plaintiff's claims. A defense is meritorious if it is "'good at law[.]'" *$22,050 U.S. Currency*, 595 F.3d at 326 (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). This standard does not require "that a defense be supported by detailed factual allegations to be deemed meritorious." *Id.* "Instead, all that is needed is 'a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* (quoting *Invst Fin. Grp., Inc.*, 815 F.2d at 399).

In this case, Defendant denies that it owns or employs machinery that has the capacity to dial numbers randomly or sequentially. Def. Mot. 5, ECF No. 9; Def. Reply 6–8, ECF No. 15. Defendant also asserts that Plaintiff provided express written consent to allow Defendant to use an Automated Telephone Dialing System. Def. Mot. 5, ECF No. 9; Def. Reply 8–9, ECF No. 15.

While Plaintiff contends that the asserted defenses are insufficient, "even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843 (citations omitted). Based on the present record, the Court cannot say that Defendant's defense is meritless. *Id.*; *see also Perez v. Here To Help Learning Acad., LLC*, No. 2:15-cv-1997, 2016 WL 3182673, at *2 (S.D. Ohio June 8, 2016) (finding meritorious defenses where the defendants made "broad contentions"

but did "not specifically advance a defense"). This factor, therefore, weighs in favor of vacating the entry of default.

### D. Conditions

If the entry of default is set aside, Plaintiff asks the Court to impose conditions for the Defendant's conduct, including a bond and reimbursement of attorney's fees incurred in relation to the default proceedings.

Although setting aside an entry of default "does not preclude the district court from assessing or determining some appropriate penalty or sanction against the defendant or his counsel for the delay occasioned by [ ] careless and inexcusable conduct[,]" *Shepard Claims Serv., Inc.*, 796 F.2d at 195, the Court is not persuaded that Defendant's conduct warrants the imposition of conditions or sanctions.

Taking this record as a whole into consideration, Defendant's conduct does not rise to the level of "careless and inexcusable" behavior warranting payment of attorneys' fees. *Shepard Claims Serv., Inc.*, 796 F.2d at 195. Accordingly, the Court denies the request for bond and attorneys' fees. The Defendant is, however, instructed to comply with its obligations under Del. Code Ann. tit. 6, § 18-804(b)(2) to set aside sufficient funds in the event of a judgment in this case.

### IV. CONCLUSION

For all of these reasons, and in light of the preference to try cases on their merits, Plaintiff's motion for default judgement, ECF No. 6, is **DENIED**.

Defendant's motion to set aside the entry of default, ECF No. 9, is **GRANTED**. The Clerk is **DIRECTED** to **VACATE** the Clerk's entry of default against Defendant, ECF No. 5. Defendant is **ORDERED** to file a responsive pleading within **TEN DAYS** from the date of this Opinion and Order. Defendant is also instructed to comply with its obligations under Del. Code Ann. tit. 6, § 18-804(b)(2) to set aside sufficient funds in the event of a judgment in this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**